IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LAMONT MAPLE,<br>　　　　Petitioner,<br><br>　　　vs.<br><br>MICHAEL HARLOW, et al.,<br>　　　　Respondents. | )<br>)<br>)　　C.A. No. 10-296 Erie<br>)<br>)　　Magistrate Judge Baxter<br>)<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the Eastern District of Pennsylvania.

**II.　REPORT**

This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner presently incarcerated at the State Correctional Institution at Albion, Pennsylvania.

In her petition, Petitioner claims that he was convicted of Murder in the Second Degree, Robbery, Criminal Conspiracy, and Possession of an Instrument of Crime in Philadelphia County, Pennsylvania, on or about December 14, 2004, and was sentenced to life without parole. As grounds for habeas relief, Petitioner challenges the legality of his conviction, claiming, *inter alia*, that it resulted from a coerced confession and his trial counsel was ineffective. Title 28 U.S.C. §2241(d) provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

> the application may be filed in the district court for the district
> wherein such person is in custody or in the district court for the
> district within which the state court was held which convicted and
> sentenced him and each of such district courts shall have
> concurrent jurisdiction to entertain the application. The district
> court for the district wherein such an application is filed in the
> exercise of its discretion and in furtherance of justice may transfer

1

>    the application to the other district court for hearing and
>    determination.

28 U.S.C. §2241(d).  See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence).

In the case at bar, Petitioner was tried and convicted of the challenged offenses in Philadelphia County, Pennsylvania. Petitioner's records are located there. He is presently incarcerated at the State Correctional Institution at Albion, within the Western District of Pennsylvania. Philadelphia County is located in the Eastern District of Pennsylvania. This Court finds that the interests of justice would be better served by transferring this petition to the Eastern District of Pennsylvania wherein all activity in this case occurred.

### III. CONCLUSION

It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72(a) of the Federal Rules of Civil Procedure, the parties are allowed fourteen (14) days from the date of service to file an appeal from this order to the District Court. Failure to timely file an appeal may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 7, 2011